■ JOSEPH LOMBARDO, Respondent, v CODER SERVICE, INC., et al., Appellants, et al., Defendants. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: In 1972, before the advent of the law of comparative negligence, plaintiff was injured when the minibike he was driving collided with a truck on the premises of a privately owned industrial park. At the close of plaintiff's proof, the trial court dismissed the action against defendant owners and occupiers of the premises. The jury returned a verdict of liability against the driver and owner of the truck and against the manufacturer of the minibike. We affirm.

The verdict was not against the weight of the evidence. The jury was entitled to find that plaintiff was free from contributory negligence on the basis of the evidence that the truck was proceeding on the wrong side of the road. Also, there was sufficient evidence for the jury to find that the minibike was unsafe when it left the factory because of the absence of front-wheel brakes. Finally, we conclude that the court properly dismissed the complaint against the defendant owners and occupiers of the premises. They were not insurers of plaintiff's safety and they did not breach their common-law duty to keep the premises reasonably safe for plaintiff (see, Basso v Miller, 40 NY2d 233). There were no defects upon the premises and no dangerous activities were being conducted thereon. Defendants cannot be found negligent for permitting this 17 year old to drive his minibike upon their premises solely because the road on the north side of the premises was used by trucks.

There is no evidence that the trucks had traveled at other than slow speeds or that there had been any accidents on the premises involving trucks or minibikes. (Appeals from judgment of Supreme Court, Erie County, Sprague, J.—negligence, products liability.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.